[Cite as *Hanahan v. DPA Dev., L.L.C.*, 2022-Ohio-3843.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| JANICE M. HANAHAN, EXECUTOR OF THE ESTATE OF JAMES P. MCCLOSKEY, DECEASED | : | |
| | : | |
| | : | Appellate Case No. 29486 |
| | : | |
| Plaintiff-Appellee | : | Trial Court Case No. 2018-CV-1018 |
| | : | |
| v. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| DPA DEVELOPMENT, LLC, et al. | : | |
| | : | |
| Defendants-Appellants | | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of October, 2022.

. . . . . . . . . . .

RICHARD L. CARR, JR., Atty. Reg. No. 0003180, 110 North Main Street, Suite 1000, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

SCOTT G. OXLEY, Atty. Reg. No. 0039285, 325 N. Main Street, Suite 204, Springboro, Ohio 45066
    Attorney for Defendants-Appellants

. . . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendants-Appellants, DPA Development, Inc. ("DPA") and David D'Amico (collectively, "Defendants") appeal from the trial court's judgment following remand from this Court. For the reasons stated below, the trial court's judgment will be reversed, and the matter will be remanded for further proceedings consistent with this opinion.

## I. Facts and Course of Proceedings

{¶ 2} Tim Rash owned a single parcel consisting of two properties known as 424/428 Littell Avenue in Dayton, Ohio. Both properties had commercial buildings located on them. In 2007, Rash leased the 428 Littell property to a company named Little Giant Body & Paint Service, but issues between those parties arose and a lawsuit was initiated in 2012. As part of the resolution of that lawsuit, on November 7, 2013, DPA, of which David D'Amico was a principal member and owner, signed a contract to buy the 424/428 Littell Avenue parcel from Rash for $260,000.

{¶ 3} After DPA contracted with Rash to purchase the parcel, DPA and James McCloskey entered into a purchase agreement for 424 Littell dated November 18, 2013 ("November 2013 Purchase Agreement"). DPA and McCloskey intended to split the 424/428 Littell parcel, with McCloskey receiving the 424 property and DPA keeping the 428 property. According to the purchase agreement, the property was in the process of being split at that time, and a survey identifying the split was attached to the agreement. On December 21, 2013, McCloskey paid DPA the full amount of the contract price ($175,000) for the 424 property. DPA then used some of this money for the down payment on its purchase from Rash in order to acquire the full parcel at the closing. On January 31, 2014, Rash issued a warranty deed for the entire parcel to DPA.

{¶ 4} McCloskey died in June 2017. Prior to his death, McCloskey had used the building located at 424 Littell and DPA had used the building located at 428 Littell. At the time of McCloskey's death, DPA was still the titled owner of the whole 424/428 Littell parcel, as it had never been split and title had never been transferred to McCloskey.

{¶ 5} In March 2018, Janice M. Hanahan, as executor of the Estate of James P. McCloskey, filed a complaint against D'Amico and DPA alleging that the decedent, McCloskey, had contracted to purchase the real estate located at 424 Littell according to the November 2013 Purchase Agreement. Despite the fact that McCloskey had paid the full purchase price of $175,000 to DPA, no title had ever been transferred to him. After McCloskey's death, D'Amico claimed that DPA had no obligation to transfer the real estate to McCloskey or to his estate; he changed the locks on the property and claimed possession. Hanahan's complaint contained eight separate claims: (1) breach of contract; (2) specific performance; (3) express trust; (4) constructive trust; (5) wrongful eviction; (6) trespass; (7) conversion; and (8) punitive damages.

{¶ 6} After filings from the parties, the trial court granted summary judgment to DPA on the express trust and wrongful eviction claims. In addition, the court granted summary judgment to D'Amico on claims for specific performance and breach of contract, finding the express trust and wrongful eviction claims against him moot. Thus, the issues that remained for trial against both DPA and D'Amico were constructive trust, trespass, conversion, and punitive damages. The claims against DPA for breach of contract and specific performance also remained.

{¶ 7} Following a bench trial, the court issued both a final judgment entry and an

amended final judgment entry on February 21, 2019. The court granted Defendants' motions to dismiss the counts for conversion and trespass. The court then found in Hanahan's favor on the claims for breach of contract and specific performance, and it ordered specific performance as a remedy. In addition, the court awarded Hanahan damages of $4,126.22. As an alternate remedy, the court ordered Defendants to hold $175,000 in a constructive trust for Hanahan's benefit. Findings of facts and conclusions of law were issued on February 27, 2019. No appeal was taken from the trial court's judgment.

{¶ 8} In August 2019, Hanahan filed a motion to show cause why the property had not been transferred in accordance with the court's February 2019 order. In October 2019, the parties appeared for a hearing on the motion and informed the court that they had reached an agreement. Part of this agreement included the parties's purportedly resolving a dispute concerning a parking license. Although the parties placed an oral agreement into the record, no written agreement was submitted. No other challenges to the transfer of property were raised at that time.

{¶ 9} Hanahan filed a second motion to show cause in May 2020. Hanahan noted that despite the prior apparent resolution of the parking license, Defendants had failed to comply with the trial court's orders and asked the court to hold Defendants in contempt for failing to convey the property, hold $175,000 for Hanahan's benefit, and pay damages of $4,126.22. The trial court held a hearing after which it found Defendants in contempt; it issued an order requiring Defendants to comply with the trial court's prior orders and reflecting the court's interpretation of the parties' settlement agreement.

{¶ 10} The July 13, 2020 entry ordered, in pertinent part, that:

3. The parties shall execute the Parking License Agreement submitted to the Court as a portion of Plaintiff's Exhibit 4.

4. Said Parking License Agreement, at paragraph 12(B) shall read in full as follows:

> Licensor may assign its rights, obligations and/or interests with Licensee's prior written consent, which may not be unreasonably withheld. However, such assignment shall not infringe upon Licensee's Option to Purchase as specifically stated in paragraph 19 of the Purchase Agreement entered into and between DPA Development LLC and James McCloskey on or about November 18, 2013. Licensee acknowledges that Licensor, being an estate, will be transferring its right to the estate's heir, the James P. McCloskey Trust, and that said Trust will be transferring its rights to its beneficiary, Janice M. Hanahan, and/or an entity controlled by Janice M. Hanahan and/or the Trust and that all of such assignments are hereby consented to and do not trigger Licensee's said Option to Purchase.

It is the Court's decision that paragraph 12(b) of the Parking License Agreement, Exhibit 4 shall not include a provision that the Option to Purchase referenced in that paragraph shall be in effect only during the term

of such License.

5.   Plaintiffs shall have a Right of First Refusal To Purchase Real Estate as set forth in Plaintiff's Exhibit 8, which shall be executed by the parties in the form originally prepared by Plaintiff's counsel.   The Court expressly finds that any additional terms or revisions to the Right of First Refusal as set forth in the parties' prior agreement are implicit in such agreement and do not constitute a material deviation from the parties' agreement.

**{¶ 11}** Both sides appealed from the July 13, 2020 order.   *Hanahan v. DPA Development, LLC*, 2021-Ohio-1212, 171 N.E.3d 462 (2d Dist.).   Pertinent to this current appeal, Hanahan raised an assignment of error challenging an option to purchase as described in paragraph 19 of the November 2013 Purchase Agreement between DPA and McCloskey.   The provision at issue granted DPA an unlimited right of first refusal to purchase the 424 Littell property for $175,000 upon receiving notice of the intent of McCloskey or his "representatives, assigns, executor or administrators" to sell the property.   There was no time limitation placed on DPA's right to exercise the option, which violated the rule against perpetuities.   Furthermore, the restriction of the purchase price of $175,000, regardless of the land's value or the offer McCloskey or his assigns might receive, ran afoul of Ohio's laws.   We therefore sustained Hanahan's assignment of error and reversed part of the trial court's judgment.   We remanded the case to the trial court and ordered that the trial court remove all references in its July 13, 2020 order to the "option to purchase" contained in paragraph 19 of the November 2013 Purchase Agreement between DPA and McCloskey.   We also instructed the trial court to consider

whether the contractual term voided by sustaining Hanahan's assignment of error was severable, to allow enforcement of the agreement.

{¶ 12} On remand, a hearing was held regarding the severability of paragraph 19 from the November 2013 Purchase Agreement between DPA and McCloskey. Hanahan argued that the paragraph was severable from the November 2013 Purchase Agreement, whereas DPA argued that the paragraph was not severable and therefore that the entire purchase agreement could not be enforced.

{¶ 13} On August 9, 2021, the trial court found paragraph 19 of the November 2013 Purchase Agreement severable. Defendants appealed; however, that appeal was dismissed for lack of a final appealable order due to the trial court's failure to comply with this Court's mandate regarding a second issue addressed in the prior appeal (which is not relevant to this appeal). Another judgment entry was entered by the trial court on April 29, 2022, satisfying the mandate, and Defendants appealed again.

## II.    Argument

{¶ 14} Defendants raise one assignment of error that states:

**The trial court erred in finding that paragraph 19 of the parties' Purchase Agreement was severable.**

{¶ 15} Defendants argue that the trial court erred in finding that paragraph 19 was a severable clause in order to enforce the November 2013 Purchase Agreement. They further argue that because paragraph 19 was not severable, the entire contract is void.

{¶ 16} Apparently, the parties and the trial court misconstrued our prior mandate. The only trial court decision on appeal at that time was the trial court's July 13, 2020 order

finding Defendants in contempt and resolving the Parking License Agreement. In concluding that DPA's unlimited right of first refusal in paragraph 19 of the November 2013 Purchase Agreement violated the rule against perpetuities, we stated that "while the trial court did not err in referring to the contract of purchase, its decision was not based on sound reasoning *with respect to including the option to purchase in its July 13, 2020 order.*" (Emphasis added.) *Hanahan*, 2021-Ohio-1212, 171 N.E.3d 462, at ¶ 44. As we explained, the trial court was to consider on remand "whether the contractual term voided by sustaining Hanahan's First Assignment of error is severable to allow enforcement of the agreement[.]" *Id.* at ¶ 63. The only agreement in dispute before the court at that time was the Parking License Agreement. We further ordered that "[o]n remand, the trial court will remove all references *in its order* to the 'option to purchase' contained in paragraph 19 of the original purchase contract between DPA and McCloskey." (Emphasis added.) *Id.* at ¶ 64. Thus, the issue to be resolved by the trial court on remand was whether, after removing all references in the July 13, 2020 order to the "option to purchase" contained in paragraph 19 of the November 2013 Purchase Agreement, the Parking License Agreement could still be enforced or if the removal of the references would result in the Parking License Agreement being voided.

{¶ 17} The issue of whether the November 2013 Purchase Agreement could or should be enforced was decided by the trial court in February 2019. The trial court's decision became final when the time for appeal had passed. Thus, the issue regarding severability of paragraph 19 of the November 2013 Purchase Agreement was not properly before the court upon remand.

{¶ 18} Because the trial court did not resolve the issue we mandated in the prior appeal, this case must be remanded to the trial court solely to determine whether the removal of all references in the July 13, 2020 order to the "option to purchase" contained in paragraph 19 of the November 2013 Purchase Agreement would result in the Parking License Agreement being enforceable or void.

### III.    Conclusion

{¶ 19} The judgment of the trial court is reversed, and the matter is remanded for the trial court to determine whether the removal of all references in the July 13, 2020 order to the "option to purchase" contained in paragraph 19 of the November 2013 Purchase Agreement between DPA and McCloskey would result in the Parking License Agreement being enforceable or void.

. . . . . . . . . . . . .

WELBAUM, J. and DONOVAN, J., concur.

Copies sent to:

Richard L. Carr, Jr.
Scott G. Oxley
Hon. Timothy N. O'Connell